Filed 2/15/23  P. v. Whatley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C095248 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2009-0005430) |
| v. | |
| GERELL LEE WHATLEY, | |
| Defendant and Appellant. | |

Defendant Gerell Lee Whatley appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1172.6.[1] Defendant argues the trial court erroneously found he failed to establish a prima facie case, and the People agree. We will reverse the trial court's order and remand for further proceedings.

---

[1] Undesignated section references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we will refer to it as section 1172.6 throughout this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. (*People v. Lewis* (Apr. 30, 2015, C064781) [nonpub. opn.].) In sum, defendant and a friend committed a series of armed robberies in October 2008. One of their victims died from a gunshot wound to the head.

In 2010, a jury found defendant guilty of first degree murder, four attempted murders, eight robberies, two attempted robberies, and a burglary. Various enhancement allegations were found to be true. The jury also found true that defendant committed the murder while he was engaged in a robbery. (§ 190.2, subd. (a)(17)(A).) The trial court sentenced defendant to life in prison without the possibility of parole for the murder, four life terms for the attempted murders, and a determinate sentence of 17 years four months. We affirmed the judgment on appeal.

During trial, the jury was instructed with CALCRIM Nos. 540A and 540B. The jury was instructed with CALCRIM No. 540A as follows: "To prove a defendant guilty of first-degree murder under a theory of felony murder, the People must prove that: [¶] One, the defendant committed a robbery. And I put the Penal Code Section, 211. [¶] Two, the defendant intended to commit a robbery; And [¶] Three, while committing the robbery, the defendant did an act [that caused] the death of another person. [¶] A person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent. [¶] To decide whether the defendant committed robbery, please refer to the separate instructions that I will give you on that crime. You must apply those instructions when you decide whether the People have proved first-degree murder under a theory of felony murder. [¶] The defendant must have intended to commit the felony of robbery before or at the time of the act causing the death."

The jury was instructed with CALCRIM No. 540B as follows: "A defendant may also be guilty of murder, under a theory of felony murder, even if another person did the act that resulted in the death. I will call the other person the perpetrator. [¶] To prove

2

the defendant guilty of first-degree murder under this theory, the People must prove that: [¶] The defendant committed or aided and abetted a robbery; [¶] Two, the defendant intended to commit or intended to aid and abet the perpetrator in committing a robbery; [¶] If the defendant did not personally commit the robbery, then a perpetrator, whom the defendant was aiding and abetting, personally committed the robbery; And [¶] While committing the robbery, the perpetrator did an act that caused the death of another person. [¶] A person may be guilty of felony murder even if the killing was unintentional, accidental, or negligent. [¶] To decide whether the defendant and the perpetrator committed robbery, please refer to the separate instructions that I will give you on that crime. To decide whether a defendant aided and abetted a crime, refer to the separate instructions I will give you on aiding and abetting. You must apply those instructions when you decide whether the People have proved first-degree murder under a theory of felony murder. [¶] The defendant must have intended to commit or aid and abet a felony robbery before or at the time of the act causing death."

The signed verdict forms only indicated that the jury had found defendant guilty of first degree murder.

In March 2021, defendant filed for resentencing pursuant to section 1172.6, stating that an information was filed against him that allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine, and he could not now be convicted of murder because of the changes made to sections 188 and 189. Defendant argued the jury's robbery-murder special-circumstance finding (§ 190.2, subd. (a)(17)(A)) did not make him ineligible for resentencing because it had been made prior to *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. The prosecutor responded that defendant had been convicted of a special circumstance murder, meaning that the jury had necessarily made the findings required to convict defendant of felony murder under the new law. In October 2021, the trial court denied the petition, reasoning that defendant had failed to establish a prima facie case because

3

the jury had found defendant guilty of special circumstance murder. According to the court, this necessarily meant that the jury found defendant was a major participant in the crime and acted with reckless indifference to human life. The court also found that there was proof beyond a reasonable doubt that the killing was during a robbery and the victim's property was taken.

DISCUSSION

I

A.     *Legal background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1172.6.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), defining first degree murder, in which a death occurs, is liable for murder if the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6 to delineate the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a).) Once a defendant submits a petition, and the court performs an initial review for missing information and appoints counsel for defendant, subdivision (c) of section 1172.6 provides: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.

4

If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although a court may rely on the record of conviction (including a prior appellate court opinion) in determining whether the petitioner has made a prima facie showing (*ibid.*), the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at pp. 971-972.)

B.   *Analysis*

Here, defendant filed a facially sufficient petition, and his record of conviction does not conclusively establish as a matter of law that he is ineligible for relief. The jury was instructed that it could find defendant guilty of first degree murder under a theory of felony murder. In addition, nothing in the jury's verdict established as a matter of law that defendant acted with intent to kill, was the actual killer, or was a major participant who acted with reckless indifference to human life.

To the extent the trial court concluded otherwise based on the jury's robbery-murder special-circumstance finding, we note that this finding was made in 2010, or before our Supreme Court's 2015 and 2016 decisions in *Banks* and *Clark* clarified what it means to be a major participant who acts with reckless indifference to human life. Our Supreme Court has made clear that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima face case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark.*" (*People v. Strong* (2022) 13 Cal.5th 698, 710.) Accordingly, we must conclude that defendant has made a prima facie showing and direct

the trial court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter is remanded for the trial court to conduct further proceedings consistent with section 1172.6, subdivision (d).

                                                  KRAUSE         , J.

We concur:

     RENNER      , Acting P. J.

      EARL       , J.